# EXHIBIT A

## LIST OF ATTORNEYS/PARTIES

1.  Scott Hunziker
    scott@vosslawfirm.com
    THE VOSS LAW FIRM, P.C.
    6619 Interstate 45 South
    The Woodlands, Texas 77380
    Telephone: (713) 861-0015
    Facsimile: (713) 861-0021

*Attorneys for Plaintiffs*

2.  Dale M. "Rett" Holidy
    rholidy@germer.com
    Mark B. Shutt
    mshutt@germer.com
    GERMER PLLC
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    Telephone: (713) 650-1313
    Facsimile: (713) 739-7420

*Attorneys for Defendant*

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

### *Maynor & Irma Garcia vs. State Farm Lloyds*

(a)   Plaintiffs' Original Petition;
(b)   Return of Service on Defendant;
(c)   Defendant's Original Answer;
(d)   Defendant's Demand for Jury Trial; and
(e)   Docket/Case Summary Sheet.

8/9/2016 3:34:05 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12076117
By: Nelson Cuero
Filed: 8/9/2016 3:34:05 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **MAYNOR AND IRMA GARCIA,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW** Maynor and Irma Garcia (hereinafter "Plaintiffs"), and complain of State Farm Lloyds (hereinafter "State Farm"). In support of their claims and causes of action, Plaintiffs would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiffs intend for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiffs' claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Houston, in Harris County, Texas.

## PARTIES

3.      Plaintiff is an individual whose residence is located in Houston, Harris County, Texas.

4.      State Farm Lloyds is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case.   State Farm may be served with Citation and a copy of this Petition, by serving it through its registered agent, Corporation Service Company,  211 E 7th St. Ste 620,  Austin TX 78701.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 4622 Thistlecroft Drive, Houston, Texas    77084, (the "Property").    In addition to seeking economic and penalty based damages from State Farm, Plaintiff also seeks compensation from State Farm for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from State Farm to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through their residential policy, 53CTM6451, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around 4/18/2016, the Property suffered incredible damage due to storm related conditions.

---

9.      In the aftermath, Plaintiff relied on State Farm to help begin the rebuilding process.  By and through their residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.     Pursuant to their obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, their residential policy covered Plaintiff during the time period in question.

11.     Despite Plaintiff's efforts, State Farm continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.     Moreover, State Farm has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.     In the months following, Plaintiff provided information to State Farm, as well as provided opportunities for State Farm to inspect the Property.   However, State Farm failed to conduct a fair investigation into the damage to the Property.   Moreover, State Farm failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.     Despite State Farm's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to State Farm.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, State Farm failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.   As a result, to this

date, Plaintiff has not received proper payment for their claim, even though notification was provided.

15.     State Farm has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. State Farm has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. State Farm did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     State Farm has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from State Farm in a timely manner.

17.     State Farm has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was State Farm that failed to conduct a reasonable investigation.   Ultimately, State Farm performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     State Farm has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which they had originally contracted with State Farm.   Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.   In addition, State Farm has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.      All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.      All acts by State Farm were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of State Farm and/or were completed in its normal and routine course and scope of employment with State Farm.

## CLAIMS AGAINST DEFENDANT

23.      Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

24.      Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25.      According to the policy that Plaintiff purchased, State Farm had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

26.      As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

27.     Despite objective evidence of such damages, State Farm has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## B.
## VIOLATIONS OF TEXAS INSURANCE CODE

28.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

29.     State Farm's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).    Specifically, State Farm engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

b.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and/or

c.      Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code.

30.     As a result of State Farm's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiff also seeks to recover their costs and reasonable and

necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show themselves justly entitled by law and in equity.

## C.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

31.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32.     By its acts, omissions, failures and conduct, State Farm has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

33.     State Farm has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as State Farm knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by State Farm is a proximate cause of Plaintiff's damages.

## WAIVER AND ESTOPPEL

34.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35. State Farm has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

36. State Farm's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

37. More specifically, Plaintiff seeks monetary relief of less than $100,000 including damages. This damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

## JURY DEMAND

38. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

39. Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that State Farm disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

40. Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

   a. Please produce State Farm complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the

subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.     Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.     Please produce the electronic diary, including the electronic and paper notes made by State Farm claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether State Farm intends to offer these items into evidence at trial.

## **INTERROGATORIES**

41.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.     Please identify any person State Farm expects to call to testify at the time of trial.

b.     Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying

event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

    c.    If State Farm or State Farm's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by State Farm or any of State Farm's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

    d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of State Farm's investigation.

    e.    Please state the following concerning notice of claims and timing of payment:

        i.    The date and manner in which State Farm received  notice of the claim;

        ii.    The date and manner in which State Farm  a c k n o w l e d g e d  receipt of the  claim;

        iii.    The date and manner in which State Farm commenced investigation of the claim;

        iv.    The date and manner in which State Farm  requested from the claimant all items, statements, and forms  that State Farm reasonably believed, at the time,  would be required from the claimant; and

        v.    The date and manner in which State Farm notified  t  h  e  claimant in writing of the acceptance or rejection of the claim.

    f.    Please identify by date, amount and reason, the insurance proceed payments made by State Farm, or on State Farm's behalf, to the Plaintiff.

    g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

    h.    When was the date State Farm anticipated litigation?

    i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe State Farm's document retention policy.

j.     Does State Farm contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

k.     Does State Farm contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.     Does State Farm contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

m.     How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

      i.     what performance measures are used; and

      ii.     describe State Farm's bonus or incentive plan for adjusters.

## CONCLUSION

42.     Plaintiff prays that judgment be entered against State Farm Lloyds, and that Plaintiff be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays they be awarded all such relief to which they is due as a result of the acts of State Farm Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/  Scott G. Hunziker*
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
ATTORNEY FOR PLAINTIFF

9/15/2016 3:51:14 PM
Chris Daniel - District Clerk Harris County
COPY OF PLEADING PROVIDED BY HARRIS County
Envelope No. 12729261
By: WILLIE J FRAZIER
Filed: 9/15/2016 3:51:14 PM

CAUSE NO.  201652715

RECEIPT NO.                    0.00          MTA
               **********                TR # 73275269

PLAINTIFF: GARCIA, MAYNOR                    | In The   295th
                  vs.                        | Judicial District Court
DEFENDANT: STATE FARM LLOYDS                 | of Harris County, Texas
                                             | 295TH DISTRICT COURT
                                             | Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING THROUGH ITS REGISTERED AGENT
    CORPORATION SERVICE COMPANY
    211  E 7TH ST STE 620   AUSTIN  TX  78701
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 9th day of August, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 9th day of August, 2016, under my hand and
seal of said Court.

Issued at request of:                        *Chris Daniel*
HUNZIKER, SCOTT GARYT                         CHRIS DANIEL, District Clerk
26619  INTERSTATE 45                          Harris County, Texas
THE WOODLANDS, TX  77380                       201 Caroline, Houston, Texas 77002
Tel: (713) 661-0015                            (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 24032446                             Generated By: CUERO, NELSON 7MM//10454429

───────────────────────────────────────────────────────────────────────────────

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 4:00 o'clock P .M., on the 24th day of August , 2016.

Executed at (address) 211 E 7th St.                                        in

Travis      County at 9:35 o'clock A .M., on the 24th day of August by mail

2016, by delivering to State Farm Lloyds              defendant, in person, a

true copy of this Citation together with the accompanying   1   copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $105                             _____

                                      _____ of Montgomery County, Texas

David Voss
Affiant                               By _____
                                                    Deputy

On this day, David Voss                , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                      _____
                                              Notary Public

N11INT1CITA1P                         *73275269*

English     Customer Service     USPS Mobile                                              Register / Sign In

# USPS.COM

# USPS Tracking®

Still Have Questions?
Browse our FAQs ›

Get Easy Tracking Updates ›
**Sign up for My USPS.**

Tracking Number: **70160600000021570067**

Updated Delivery Day: **Monday, August 29, 2016**

## Product & Tracking Information

| Postal Product: | Features: | | Available Actions |
|---|---|---|---|
| | *Certified Mail*™ | | |

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **August 29, 2016, 9:35 am** | Delivered | **AUSTIN, TX 78744** |

Your item was delivered at 9:35 am on August 29, 2016 in AUSTIN, TX 78744.

| August 29, 2016 , 9:17 am | Arrived at Unit | AUSTIN, TX 78744 |
| August 28, 2016 , 11:39 pm | Departed USPS Facility | AUSTIN, TX 76710 |
| August 27, 2016 , 12:51 pm | Arrived at USPS Facility | AUSTIN, TX 78710 |
| August 26, 2016 , 10:24 pm | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |

## Track Another Package

Tracking (or receipt) number

[                                        ]     Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›

**HELPFUL LINKS**
Contact Us
Site Index
FAQs

**ON ABOUT.USPS.COM**
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

**OTHER USPS SITES**
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

**LEGAL INFORMATION**
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Unofficial Copy Office on Chris Daniel District Clerk

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Lloyds
c/o Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701

9590 9402 1922 6104 5520 16

2. Article Number (Transfer from service label)

7016 0600 0000 2157 0067

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

B. Received by (Printed Name)          C. Date of Delivery

AUG 2 9 2016

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

☐ Agent
☐ Addressee

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

9/16/2016 3:13:08 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12752564
By: Kenya Kossie
Filed: 9/16/2016 3:13:08 PM

## CAUSE NO. 2016-52715

| | | |
|---|---|---|
| **MAYNOR AND IRMA GARCIA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **295TH JUDICIAL DISTRICT** |

## <u>DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), Defendant in the above-entitled and numbered cause, and file its Original Answer to the allegations contained in Plaintiffs' Original Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

1.      Defendant generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiffs bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  Defendant denies that Plaintiffs have proved that any accidental direct physical loss occurred as a result of the alleged wind or hail event.  Plaintiffs

lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

      3.    **Deductible/Offset.**  Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

      4.    **Limit of Liability.**  Defendant's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

      5.    **Failure of Policy Considerations/Conditions Precedent.**  Defendant hereby asserts all conditions of the policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss."  Specifically, Plaintiffs have failed to satisfy some conditions of the policy, including but not limited to:

**SECTION I – CONDITIONS**

\* \* \* \* \*

      6.    **Pre-Existing Damages.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, pre-existed the alleged storm.

      7.    **Normal Wear and Tear.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear.  The policy at issue specifically provides:

**SECTION I – LOSSES NOT INSURED**

     1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread

2

damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \* \*

        f.       continuous or repeated seepage or leakage of water or steam from a:

            (1) heating, air conditioning or automatic fire protective sprinkler system;

            (2) household appliance; or

            (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors

            which occurs over a period of time.

        g.       wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

        h.       corrosion, electrolysis or rust;

        i.        wet or dry rot;

\* \* \* \* \*

        l.        settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

\* \* \* \* \*

Plaintiffs have claimed roof, exterior, and other damages that resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including wear, tear, deterioration, corrosion, rust, wet or dry rot, cracking and/or shrinking over time, which condition is specifically excluded under the policy at issue.

    **8.**    **Neglect.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, were proximately caused, in whole or in part, by neglect.  The policy at issue specifically provides:

## SECTION I – LOSSES NOT INSURED

2.      We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs

*   *   *   *   *

d.      **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

*   *   *   *   *

In their Original Petition, Plaintiffs appear to be claiming that they have suffered interior water damage that resulted, in whole or in part, from neglect, which condition is specifically excluded under the policy at issue.

**9.      Bona Fide/Legitimate Dispute.**  A bona fide legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**10.      Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiffs prove Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

11.     **Chapter 38 Attorney's Fees.**   Plaintiffs cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code.   "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for. . .(8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(8).   State Farm Lloyds is an unincorporated association of underwriters; therefore, Chapter 38 does not apply to State Farm Lloyds. *See Fleming & Assocs., L.L.P. v. Barton,* 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

12.     **Excessive Demand.**   Defendant further asserts that Plaintiffs' claim for attorney's fees is barred in whole or in part by the doctrine of excessive demand.   Plaintiffs' untimely insurance code letter included a settlement demand in the amount of $33,448.53.   Defendant would show that this is an unreasonable and excessive demand.

13.     **Policy Period.**   Defendant would show that pursuant to the following provision of the policy insurance, coverage is limited to a covered loss which occurs within the time period during which the Policy was in effect:

### SECTION I AND II – CONDITIONS

1.   **Policy Period.**   This policy applies only to loss under Section I …which occurs during the period this policy is in effect.

To the extent Plaintiffs is seeking to recover for damage that occurred to the property before or after the policy period in question, any such damage is not covered under this specific provision in the policy. Policy No. 53-CT-M645-1 was in effect from 6/23/15 to 6/23/16, subject to the terms and conditions therein.

14.     **Recovery Limitations.**   Defendant specifically denies that Plaintiffs timely repaired the alleged damages, and, as a result, they are not entitled to replacement cost benefits

per the terms of the Policy.  Pursuant to the following provisions of the Policy, Plaintiffs'

entitlement to recover under the Dwelling and Personal Property coverages of the Policy is

subject to the following terms, conditions and limitations:

**COVERAGE A LOSS SETTLEMENT ENDORSEMENT**

**SECTION I – LOSS SETTLEMENT**

**COVERAGE A – DWELLING** (Applicable to HOMEOWNERS POLICY)

**A1 – Replacement Cost Loss Settlement – Similar Construction**
is replaced with the following:

    a.    We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE – A DWELLING**, except for wood fences, subject to the following:

        (1)    until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

        (2)    when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

        (3)    to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damage part of the property within two years after the date of loss , and notify us within 30 days after the work has been completed; and

        (4)    we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage**.

6

b.    Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A-DWELLING EXTENSION.

## OPTIONAL POLICY PROVISIONS

**Option ID - Increased Dwelling Limit** (Applicable to HOMEOWNERS POLICY)

This section is replaced with the following:

**Option ID - Increased Dwelling Limit.** We will settle losses to damaged building structures covered under **COVERAGE A - DWELLING** according to the **SECTION I- LOSS SETTLEMENT** provision shown in the **Declarations**.

If the amount you actually and necessarily spend to repair or replace damaged building structures exceeds the applicable limit of liability shown in the **Declarations**, we will pay the additional amounts not to exceed:

1. the Option ID limit of liability shown in the Declarations to repair or replace the Dwelling; or

2. 10% of the Option I D limit of liability to repair or replace building structures covered under **COVERAGE A - DWELLING, Dwelling Extension.**

Report Increased Values. You must notify us within 90 days of the start of any new building structure costing $5,000 or more; or any additions to or remodeling of building structures which increase their values by $5,000 or more. You must pay any additional premium due for the increased value. We will not pay more than the applicable limit of liability shown in the **Declarations**, if you fail to notify us of the increased value within 90 days.

**Option OL – Building Ordinance or Law** (Applicable to HOMEOWNERS' POLICY)

This section is replaced with the following:

**1.  Coverage Provided**

The total limit of insurance provided by this Building Ordinance or Law provision will not exceed an amount equal to the Option OL percentage shown in the **Declarations** of Coverage A limit shown in the **Declarations** at the time of the loss, as adjusted by the inflation coverage provisions of the policy. This is an additional amount of insurance and applies only to the dwelling.

7

**2. Damaged Portions of Dwelling.**

When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will pay for the increased cost to repair or rebuild the physically damaged portion of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs.

**3. Undamaged Portion of the Damaged Dwelling.**

When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will also pay for:

a.  the cost to demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs;

b.  loss to the undamaged portion of the dwelling caused by enforcement of any ordinance of law if:

   (1) the enforcement is directly caused by the same Loss Insured;

   (2) the enforcement requires the demolition of portions of the same dwelling not damaged by the same Loss Insured;

   (3) the ordinance or law regulates the construction or repair of the dwelling, or establishes zoning or land use requirements at the described premises; and

   (4) the ordinance or law is in force at the time of the occurrence of the same Loss Insured; or

c.  legally required changes to the undamaged portions of any specific dwelling features, dwelling systems or dwelling components caused by the enforcement of a building, zoning or land use ordinance or law if:

   (1) the enforcement is directly caused by the same Loss Insured; and

   (2) the requirement is in effect at the time the Loss Insured occurs.

8

We will not pay for legally required changes to specific dwelling features, dwelling systems or dwelling components that have not been physically damaged by the Loss Insured.

4. **Building Ordinance or Law Coverage Limitations.**

    a.  We will not pay for any increased cost of construction under this coverage:

        (1) Until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

        (2) Unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

    b.  We will not pay more for loss to the undamaged potion of the dwelling caused by the enforcement of any ordinance or law than:

        (1) the depreciated value of the undamaged portion of the dwelling, if the dwelling is not repaired or replaced;

        (2) the amount you actually spend to replace the undamaged portion of the dwelling if the dwelling is repaired or replaced.

    c.  We will not pay more under this coverage than the amount you actually spend:

        (1) For the increased cost to repair or rebuild the dwelling at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

        (2) To demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of building, zoning or land use ordinance or law.

We will never pay for more than a dwelling of the same height, floor area and style on the same or similar premises as the dwelling, subject to the limit provided in paragraph 1. **Coverage Provided** of this option.

If the dwelling is located in an area which is eligible for coverage through the Texas Windstorm Insurance Association, the coverage described above, also applies to the increased cost you incur due to repair, replacement or demolition required for the dwelling to comply with the building specifications contained in the Texas Windstorm Insurance Association's plan of operation.

**15.     Policy Conditions.**  Pleading further, and without waiving any of Defendant's rights to re-plead at a later date, Defendant would show that the policy provisions set forth below could potentially apply in this case. Therefore, to the extent applicable, Defendant asserts the policy provisions and/or policy defenses set forth below. The policy includes the following provisions:

### DECLARATIONS CONTINUED

We agree to provide the insurance described in this policy:

> ...
>
> 2.   based on your compliance with all applicable provisions of this policy; and

You agree, by acceptance of this policy, that:

> 1.   you will ... comply with the provisions of the policy;
>
> ...
>
> 4.    this policy contains all of the agreements between you and us and any of our agents.

**17.     Payment Conditions.**  Payment for Plaintiffs' claim under the Policy is subject to the following endorsement and conditions:

### SECTION I – CONDITIONS

> 8. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.
>
> …
>
> 10. **Mortgage Clause** (without contribution).
>
> …

b. We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the **Declarations** as interests appear.

**16.    Written Notice of Claim.**  Defendant specifically denies that Plaintiffs provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim means' means any written notification provided by a claimant to an insurer that reasonably appraises the insurer of the fact relating to the claim." Proper written notification of claim was not provided by Plaintiffs.

**17.    Proof of Loss.**  Defendant would show that Plaintiffs failed to submit all items, statements, and forms required to secure final proof of loss as that term is used in §542.056 of the Texas Insurance Code. Based upon the pleadings and discovery completed to date, Plaintiffs are claiming a scope of damage that exceeds the scope of damage identified by Plaintiffs during the claim handling process.

**18.    Pre-suit Notice Letter.**  Defendant specifically denies that Plaintiffs provided State Farm with the written notice required by §541.154 of the Texas Insurance Code. Plaintiffs did not provide proper written notice to State Farm before they filed this lawsuit. As of the time of this filing, Plaintiffs have not provided a proper demand letter, and, therefore, under 541.154 of the Texas Insurance Code, he is not entitled to attorney's fees.

## III.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, prays that it be released and discharged of all claims brought against it, that Plaintiffs take nothing by reason of this suit, and for such other and further relief, general or special, at law or in equity, including taxable costs, to which Defendant is entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

       **DALE M. "RETT" HOLIDY**
       State Bar No. 00792937
       America Tower
       2929 Allen Parkway, Suite 2900
       Houston, Texas 77019
       (713) 650-1313 - Telephone
       (713) 739-7420 – Facsimile
       rholidy@germer.com - Email

       **ATTORNEY FOR DEFENDANT,**
       **STATE FARM LLOYDS**

**<u>CERTIFICATE OF SERVICE</u>**

     I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 16th day of September, 2016.

       Scott Hunziker                          **<u>VIA E-SERVICE</u>**
       THE VOSS LAW FIRM, P.C.
       26619 Interstate 45 South
       The Woodlands, Texas 77380

_____

**DALE M. "RETT" HOLIDY**

12

9/26/2016 1:48:13 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12900140
By: Shanelle Taylor
Filed: 9/26/2016 1:48:13 PM

**CAUSE NO. 2016-52715**

| | | |
|---|---|---|
| **MAYNOR AND IRMA GARCIA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **295TH JUDICIAL DISTRICT** |

**<u>DEMAND FOR JURY TRIAL</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury. The requisite jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

GERMER PLLC

By: _Rett Holidy_
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile
rholidy@germer.com - Email

**ATTORNEY FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 26th day of September, 2016.

<table>
<tr><td>Scott Hunziker</td><td><u>VIA E-SERVICE</u></td></tr>
<tr><td>THE VOSS LAW FIRM, P.C.</td><td></td></tr>
<tr><td>26619 Interstate 45 South</td><td></td></tr>
<tr><td>The Woodlands, Texas 77380</td><td></td></tr>
</table>

_____
**DALE M. "RETT" HOLIDY**

2

## Envelope Information

**Envelope Id**
12900140

**Submitted Date**
9/26/2016 1:48 PM CDT

**Submitted User Name**
erikalopez.gb@fsxclient.com

## Case Information

**Location**
Harris County - 295th Civil District Court

**Category**
Civil - Contract

**Case Type**
Debt/Contract - Consumer/DTPA

**Case #**
201652715

## Filings

**Filing Type**
EFileAndServe

**Filing Code**
Request

**Filing Description**
Demand for Jury Trial

**Reference Number**
90670

**Filing Status**
Accepted

**Accepted Date**
9/26/2016 4:03 PM CDT

**Accept Comments**
Thank You!

### Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Jury Demand.pdf | Jury Demand | Requests | Original File |
| | | | Court Copy |

### eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Sent | Scott G Hunziker | The Voss Law Firm, P.C. | Yes | Not Opened |
| Sent | Katrina Hackney | The Voss Law Firm, P.C. | Yes | Not Opened |

## Parties with No eService

**Name**
GARCIA, IRMA

**Address**
4622 THISTLECROFT DRIVE., HOUSTON, TX 77084
HOUSTON Texas 77084

**Name**
STATE FARM LLOYDS

**Address**

**Name**
STATE FARM LLOYDS BY SERVING THROUGH ITS
REGISTERED AGENT

**Address**
211 E 7TH ST STE 620, AUSTIN, TX 78701 AUSTIN
Texas 78701

## Fees

### Request

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| Jury Fee | $40.00 |
| **Filing Total:** | **$40.00** |

Need Help?

| | Amount |
|---|---|
| Total Filing Fee | $40.00 |
| Payment Service Fee | $1.21 |
| Court E-File Fee | $2.00 |
| **Envelope Total:** | **$43.21** |

| **Party Responsible for Fees** | STATE FARM LLOYDS | **Transaction Amount** | $43.21 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Payment Account** | File & ServeXpress CC | **Transaction Id** | 20600818 |
| **Filing Attorney** | Dale Holidy | **Order Id** | 012900140-0 |
| **Filer Type** | Attorney | **Transaction Response** | Payment Complete |

© 2016 Tyler Technologies

Version: 3.14.6.5001

**Harris County Docket Sheet**

# 2016-52715

**COURT:**   295th

**FILED DATE:**   8/9/2016

**CASE TYPE:**   Debt/Contract - Consumer/DTPA



### GARCIA, MAYNOR

Attorney: HUNZIKER, SCOTT GARYT

### vs.

### STATE FARM LLOYDS

Attorney: HOLIDY, DALE M. "RETT"

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |